IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ANA AYALA,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, DIVISION OF WORKFORCE SERVICES,<br><br>Defendant. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 1:03-CV-00106 PGC |

After the court granted summary judgment in favor of defendant Division of Workforce Services, the Division filed a Bill of Costs (#88). The bill of costs totaled $8,247.21 for fees and disbursements for printing and copying, fees of the court reporter for parts of necessary deposition transcripts, fees for the deposition transcripts, expert witness fees, and travel expenses for the defendant's counsel. The Division complied with DUCivR 54-2 in providing the memorandum of costs to the court.

Plaintiff Ana Ayala failed to follow DUCivR 54-2(b), and filed her objections with the court 21 days after the filing and service of the bill of costs, instead of the required 10 days under the rule. Ms. Ayala objected to the court reporter per diem charges, the expert witness fees, and the travel expenses, as well as some costs relating to the transcript costs. She also stated that the

Division agreed to grant her an extension on the filing of her objection, but she failed to notify the court of this extension or move the court to grant an extension to file her objections.[1]

In response to her objections, the Division amended its bill of costs. It removed the request for expert witness fees and travel expenses, but submitted that its other costs were reasonable, necessary, and within the contemplation and reach of 28 U.S.C. § 1920. The total amended bill of costs comes to $3,474.41 (#93).

The only costs at issue between the parties are the per diem expenses paid to the court reporters and the costs of the videotaped depositions. Regarding the "per diem" attendance fee of the court reporter, federal courts appear to differ as to whether "attendance" fees for court reporters are a taxable cost.[2] The statute states that the "fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for the use of the case" may be taxed as costs.[3] The court fails to see how, without the court reporter's presence, the deposition could have been taken and produced. A per diem charge is certainly one of the "fees of the court reporter" necessary for obtaining the deposition used in this case. As such, this was an expense "necessarily incurred" in relation to the depositions conducted in this case, and the court finds that it properly falls under 28 U.S.C. § 1920(2). The court GRANTS the Division's motion for

---

[1] *See* DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

[2] *See e.g.*, *Apostal v. City of Crystal Lake, Illinois State Police*, 165 F.R.D. 508, 512 (N.D. Ill. 1996) (court reporter fees under 28 U.S.C. § 1920 "would include a court reporter's attendance fees"); *Krouse v. Am. Sterilizer Co.*, 928 F. Supp. 543, 545 (W.D. Pa. 1996) (same). *But see Hanswer v. Sea Ray Boats*, 160 F.R.D. 166, 167 (D. Ut. 1995).

[3] 28 U.S.C. § 1920(2).

costs of $300 for the court reporter's per diem expense.

The Division also seeks costs in the amount of $2,598.92 for video-taped deposition transcripts and the postage associated with those transcripts. Although Ms. Ayala disagrees with the Division's request, the court notes that the Tenth Circuit has stated that the "costs associated with videotaping a deposition are taxable under [28 U.S.C. §] 1920(2)."[4] The Sixth Circuit agrees with this holding as well.[5] The court finds that the postage and delivery costs were necessary to obtain the transcripts in this matter, and properly fall under 28 U.S.C. § 1920(2). And the court finds that the videotaped depositions, also properly fall under 28 U.S.C. § 1920(2) in accordance with current Tenth Circuit law.[6] Accordingly, the court GRANTS the Division's bill of costs relating to the videotaped deposition transcripts.

The original bill of costs (#88) is deemed MOOT by the Division's amended bill of costs and this order. The court GRANTS the Division's motion for bill of costs in the amount of $3,474.41 (#93) and DENIES Ms. Ayala's motion review for bill of costs (#91).

SO ORDERED.

DATED this 3rd day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[4] *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997).

[5] *BDT Prods. v. Lexmark Int'l Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

[6] *Tilton*, 115 F.3d at 1477.